UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DERRICK CARLTON and BRANDON BOWMAN, individually and on behalf of all other similarly situated individuals,<br><br>*Plaintiffs*,<br><br>v.<br><br>COMPLETE PRODUCTION SERVICES, INC.,<br><br>*Defendant*. | Civil Action No. 4:10-cv-2464<br><br>**FLSA Collective Action Pursuant to 29 U.S.C. § 216(b)**<br><br>Demand For Jury Trial |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Derrick Carlton and Brandon Bowman bring this Fair Labor Standards Act ("FLSA") suit, on behalf of themselves and all others similarly situated ("Plaintiffs" and "Class Members", respectively herein), against Complete Production Services, Inc. ("CPS") and show as follows:

### I. SUMMARY

1.  CPS violates the FLSA by failing to pay overtime to its many well preparation, completion, and servicing employees who perform field work for the company and who are paid on a salary basis. These salaried field workers consistently work in excess of 40 hours a week and often work from 60 to 80 hours per week outdoors in the oil and gas fields doing hands-on labor and other nonexempt work tasks. CPS offers well completion and production, as well as drilling services to oil and gas companies operating in the U.S. Rocky Mountain Region, Texas, Oklahoma, Louisiana, Arkansas and Pennsylvania. CPS sends out hundreds of crews of 3 to 4 field-work employees to perform specified wellhead servicing tasks assigned

and tracked by CPS "Job Tickets".  Members of these well-servicing crews typically work in excess of 40 hours per week (often more than 60 hours a week, 10 to 15 hours per day Monday through Friday) out in the oil and gas fields.  When a crew of CPS field-work employees completes an assigned wellhead job, the crew members fill out a job report, which shows how many hours each person spent on that specific servicing job.  CPS does not pay its field-work employees overtime for any hours they work over the 40-hour per week limit, despite the long hours worked by these field employees.  CPS' practice is to pay its field-work employees their salary, regardless of how many hours they work during a week, and small bonuses based on the number of Job Tickets the field-work employees complete, sign and submit to CPS management.  CPS bills its oil and gas producer customers by the Job Ticket.  The field employee bonuses are not overtime pay as mandated by the FLSA.  CPS' systematic failure to pay overtime to its thousands of salaried field-workers, who typically work in excess of 40 hours per week, represents thousands of dollars per year in unpaid overtime wages for each of these field employees.

2. Plaintiffs are salaried field-work employees for CPS who have been victimized by CPS' unlawful pattern or practices with respect to overtime pay.  As permitted by the FLSA, Plaintiffs bring this collective action to recover the unpaid wages owed to them individually and as representatives for all other similarly situated CPS employees (the "Class Members" or the "field-work employees").  29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction of the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Southern District of Texas because Defendant maintains its principal place of business in this district and because a substantial portion of the events forming the basis of the suit occurred in this District.

### III. THE PARTIES

5. Derrick Carlton is a resident of Wichita County, Texas. His written consent to this action is attached as Exhibit A.

6. Brandon Bowman is a resident of Foard County, Texas. His written consent to this action is attached as Exhibit B.

11. The "Class Members" and "field-work employees" are those salaried field-work CPS employees who perform outside oilfield work at or around the wellhead (on-site well completion, production, or drilling services) for CPS and its clients, including, but not limited to those working as Cased Hole Engineers and Helpers, Rig Hands, Laborers, Riggers, Fracturing Operators and Helpers, Tubing Operators and Helpers, Production Testing Operators and Helpers, Cementers and Helpers, Perforator Operators and Helpers, Well Pullers and Helpers, Well Treatment Operators and Helpers, and Wireline Operators and Helpers. These employees are similarly situated to Plaintiffs in that their work duties, compensation packages, and weekly hours worked are similar to Plaintiffs'.

12. Defendant Complete Production Services, Inc. is a Delaware corporation licensed to do business in Texas, with its principal place of business in Houston, Texas. CPS can be served by serving its Registered Agent, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234.

## IV. COVERAGE

13. At all times hereinafter mentioned, CPS has been an employer within the meaning of Section 3(d) of the FLSA.  29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, CPS has been an enterprise within the meaning of Section 3(r) of the FLSA.  29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, CPS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because CPS has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by another person.  29 U.S.C. § 203(s)(1). Furthermore, CPS has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.  FACTUAL BACKGROUND

17. CPS employs salaried field-work employees to provide well completion, production, and drilling services to CPS' oil and gas operator clients.  These field work employees perform physical labor and other nonexempt duties for CPS outdoors at and around the wellhead.  CPS operates five (5) divisions that send field-work employees to wellhead locations throughout the U.S. Rocky Mountains, Texas, Oklahoma, Louisiana, Arkansas and Pennsylvania.  These field-work employees are the backbone of the wellhead services CPS provides to its clients.

18. CPS pays its field-work employees an annual salary based on a 40-hour workweek. To perform the oilfield services CPS provides, field-workers must begin an assigned job, then work continuously on that job until its completion. Crews often work two or more jobs per day, resulting in 10 to 15 hours worked that day. Over a five-day workweek, CPS field-workers often work 60 hours or more. At the end of each specific wellhead job, field-workers fill out a Job Ticket, showing how much time each person spent on that specific wellhead job. CPS, therefore, tracks and knows exactly how many hours each field-work employee works during each week, and is able to pay the required overtime pay for all field-workers working over 40 hours per week. However, CPS does not compensate its field-work employees at time-and-a-half their regular hourly rate for the many hours exceeding 40 they work per week. Indeed, it does not compensate its field-workers for any of their time worked over 40 hours per week. The extra work performed by the field-work employees was and is substantial, is performed for the significant benefit of CPS, is necessary to the business of CPS, and is conducted in the normal course of CPS' business.

19. The field-work employees are "blue collar" manual workers who perform outdoor work involving repetitive operations with their hands, plus physical skill and energy. FLSA-covered, non-management employees in production, maintenance, construction and similar occupations are entitled to minimum wage and overtime premium pay under the FLSA, and are not exempt under the FLSA, no matter how highly paid they might be. 29 § U.S.C. 213(a)(1), 29 C.F.R. § 541.601(d). None of the field-workers has authority to hire or fire other employees or direct their work, and they do not fit any exemption for executive, administrative, professional, computer or outside sales employees under Section 13(a)(1) or any other exemption. 29 § U.S.C. 213(a)(1).

20.     The additional hours over a 40 hour workweek which Plaintiffs and the Class Members work are significant; field-workers often work over 60 hours per week without compensation other than their salary.  CPS does not pay its field-worker employees overtime as mandated by the FLSA.  Because these employees regularly work well over 40 hours per workweek, the unpaid overtime work should be paid at time-and-a-half of each employee's regular rate of pay in accordance with the FLSA.  CPS' failure to pay for this compensable work is a willful violation of the FLSA.

### VI.  PLAINTIFFS' DETAILED FACTUAL ALLEGATIONS

21.     Mr. Carlton was a full-time field-work employee, who worked as a "Cased Hole Engineer," and was paid on a salary basis.  Carlton worked in the oilfields in CPS' Texas division, as part of a crew with 3 or 4 other field-work employees.  Carlton performed nonexempt well preparation and servicing activities for CPS' clients.  By way of example only, Carlton armed the "guns" used to perforate the casing on completed wells, set up well logging, and filled out Job Tickets recording the time he worked at the well site.  Carlton was required, as part of his job, to work outdoors in the oilfield in excess of 40 hours a week.  Even though CPS has a record of the many hours Carlton worked, and has worked, over 40 hours per workweek, CPS has never paid Carlton overtime for any of that work.

22.     Mr. Bowman was a full-time, field-work employee, who worked as a "Rig Hand" and was paid on salary basis.  Bowman worked in the oilfields in CPS's Texas division, and in a crew with 3 or 4 other field-work employees.  Bowman performed nonexempt well preparation and servicing activities for CPS' clients.  He helped generally in well completion, servicing and maintenance, and in well rigging-in and rigging-out, perforation, tubing, pulling, treatment, wireline functions, well testing, and general cleanup.  Bowman was required, as part

of his job, to work outdoors in the oilfield in excess of 40 hours per week.  Bowman's supervisor would submit Job Tickets to CPS at completion of each wellhead job, detailing how many hours he and the other crew members spent working on that particular job.  Even though CPS has a record of the many hours Bowman worked, and has worked, over 40 hours per workweek, CPS has never paid Bowman overtime for any of that work.

23.   Plaintiffs and the other similarly situated Class Members are not/were not paid according to the time they actually perform(ed) work for Defendant, but rather are/were misclassified as exempt and paid a salary rather than proper overtime.  Defendant is aware of the overtime hours its field-work employees consistently work each week, yet refuses to properly compensate them.

24.   Plaintiffs are entitled to be paid at their regular rate for each hour worked, and are entitled to be paid time-and-a-half for all hours worked in excess of 40 in a workweek.  29 U.S.C. §§ 206(a) & 207(a).  CPS' consistent failure to pay Plaintiffs for all hours worked in a week over 40 is a clear violation of the FLSA.

25.   No exemption excused CPS from paying Plaintiffs at their regular rate for all hours worked up to 40, or at overtime rates for hours worked over 40 per workweek.  Rather, CPS knowingly, willfully, or with reckless disregard, has carried out its illegal pattern or practice regarding overtime compensation of Plaintiffs and the Class Members.

### VII. COLLECTIVE ACTION ALLEGATIONS

26.   Other CPS field workers have been victimized by this pattern, practice, and policy in willful violation of the FLSA by misclassifying its salaried well-completion, production, and servicing field workers as exempt.  Many of these employees have worked with Plaintiffs, have performed job duties similar to those of Plaintiffs, and have reported that they

were paid in the same manner as Plaintiffs, with no overtime pay for hours worked in excess of 40 per workweek.  Thus, from discussion with these field employees, Plaintiffs are aware that CPS' illegal practices or policies have been uniformly imposed on the Class Members.

27. The Class Members performed the same or similar work out in the oilfields at and around oil and gas wells.  Moreover, these non-exempt employees regularly worked more than 40 hours each workweek.  The employees victimized by CPS' unlawful pattern and practices are similarly situated to Plaintiffs as to their job duties and pay provisions.

28. CPS' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Member.  Plaintiffs' experiences are typical of the experiences of the Class Members.

29. The specific job titles or precise job requirements of various Class Members do not prevent collective treatment of their FLSA claims.  All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per workweek.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The dominant questions of law and fact are common to Plaintiffs and the Class Members.  Accordingly, the class of similarly situated plaintiffs is properly defined as:

> All current and former full-time, salaried field-work CPS employees who performed work or services at or near the wellhead for clients of CPS throughout the U.S. Rocky Mountains, Texas, Oklahoma, Louisiana, Arkansas and Pennsylvania between July 9, 2007 and the present.

30. As a collective action, Plaintiffs seek this Court's appointment and/or designation as representatives of a group of similarly situated individuals as defined herein.

## VIII. CAUSES OF ACTION

31. Plaintiffs incorporate all allegations contained in paragraphs 1 through 30.

32. During the relevant period, and by way of the facts set forth above, Defendant violated and is violating the provisions of Section 6 and/or Section 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for workweeks longer than forty hours, without compensating such employees for their employment in excess of forty hours per week at rates no less than one-and-one-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiffs and the Class Members in accordance with the law.

## IX. JURY DEMAND

33. Plaintiffs, individually and on behalf of those similarly situated, request a jury trial.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that they, and all those who consent to be opt-in plaintiffs in this collective action, recover from Defendant the following:

A. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek, at the rate of one-and-one-half times their regular rates;

B. All unpaid wages and overtime compensation;

C. An equal amount as liquidated damages as allowed under the FLSA;

D. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E. Pre-judgment and post-judgment interest at the highest rate allowed by law; and

F. Such other relief as to which Plaintiffs and the Class Members may be entitled.

Respectfully submitted,

**LEE & BRAZIEL, L.L.P.**

By: ___/s/ J. Derek Braziel_____
J. Derek Braziel
Attorney-in-Charge
Texas State Bar No. 00793380
Southern District of Texas Bar No. 21134
Meredith Mathews
Texas State Bar No. 24055180
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Telephone:  (214) 749-1400
Facsimile:   (214) 749-1010
Email: jdbraziel@l-b-law.com

AND

**GLAST, PHILLIPS & MURRAY, P.C.**

By: ___/s/ Jerry L. Carlton_____
Jerry L. Carlton
Texas State Bar No. 03817500
Southern District of Texas Bar No. 11196
14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
Telephone:  (972) 419-8300
Facsimile:   (972) 419-8329
E-mail:  jcarlton@gpm-law.com

**ATTORNEYS FOR PLAINTIFFS**